The WOLF CORPORATION, Plaintiff,

v.

The SECURITIES AND EXCHANGE COMMISSION et al., Defendants.

Civ. A. No. 3297-62.

United States District Court
District of Columbia.

Oct. 24, 1962.

Milton E. Mermelstein, Mermelstein, Burns, Lesser & Goldman, New York City, for plaintiff.

Peter A. Dammann, Gen. Counsel, Walter P. North, Associate Gen. Counsel, Robert J. Gareis, Barbara A. Lee, Attys., for Securities and Exchange Commission.

WALSH, District Judge.

This matter comes before the Court on a hearing for a preliminary injunction. Plaintiff, the Wolf Corporation, asks the court to enjoin the Defendant, Securities and Exchange Commission, from prosecuting a "stop order" proceeding pursuant to section 8(d) of the Securities Act of 1933, as amended, 15 U.S.C.A. § 77h (d). Plaintiff asks the court for an order vacating and discontinuing such proceedings as were scheduled for hearing in accordance with a notice dated September 24, 1962.

Briefly stated, Plaintiff contends that on January 26, 1962, the Wolf Corporation filed a Registration Statement with the Commission; that there were certain oral communications between the Commission and officers of the Wolf Corporation from January 2, 1962 through some time in June of 1962; on July 16, 1962, investigators of the Commission began an investigation into Plaintiff's affairs in Plaintiff's offices in New York City, and plaintiff alleges that there was no notice given to them of the proposed investigation; nor was Plaintiff ever advised that the Commission considered the aforesaid Registration Statement in any way inadequate or defective.

One of the primary contentions of Plaintiff is that the investigation was conducted in an arbitrary and unlawful manner, and that the final report of the investigators did not correctly portray the true conditions that existed; that objections were made by officers of the Wolf Corporation and by counsel for Plaintiff to the manner in which the investigation was being conducted, and the staff investigators threatened that the "stop order" would be issued unless Plaintiff fully complied with the requests of the investigators. Plaintiff submits extended and minutely detailed affidavits in support of this contention signed by Milton E. Mermelstein, Esquire and Richard Weisinger, Esquire, counsel for Plaintiff corporation, and by Joseph Eck-

haus, Esquire, Secretary of Plaintiff corporation.

On August 6, 1962, Plaintiff notified the Commission in writing of its withdrawal of its Registration Statement, but the request for withdrawal was denied without a hearing.

Plaintiff argues five main points in support of its contention: (1) The Order of the Commission, Dated September 24, 1962, Fixing the Hearing Sought to be Enjoined Herein, Being Based on Illegally Seized Evidence and an Incomplete Record, is Null and Void; (2) The Combining of Proceedings Pursuant to Sections 8(e) of the Securities Act of 1933, as amended, and 21(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C.A. § 78u(a), was Improper and Renders Null and Void the Commission's Order Dated September 24, 1962; (3) The Order of the Commission, Dated September 24, 1962, Fixing the Hearing Sought to be Enjoined herein is Null and Void since It had the Effect of Instituting an Agency Proceeding Involving the Suspension of a License without First Affording Plaintiff an Opportunity to Achieve Compliance, All in Violation of the Provisions of the Administrative Procedures Act; and (4) The Stop Order Hearings, if They Eventuate in the Issuance by the Commission of a Stop Order, will Violate Due Process Requirements since Plaintiff, by Virtue of its Announced Intention in its Notice of Withdrawal Not to Offer or Sell Securities Pursuant to the Registration Statement will Have no Remedy under The Securities Act of 1933 by Which the Stop Order can be Lifted; and (5) Since Plaintiff Attacks the Commission's Authority and Jurisdiction to Conduct the Proceedings Sought to be Enjoined and Claims that the Proceedings herein present Violations of Fundamental Due Process Requirements Rather than Mere Procedural Irregularities It Should Not Be Required to Participate in the Administrative Proceedings, Particularly where to do so would Involve Irreparable Economic Injury.

The Defendant, Securities and Exchange Commission, in reply alleges that (1) this Court is without jurisdiction to enjoin the Commission's hearing; and (2) that the Commission's denial of Plaintiff's withdrawal of the Registration Statement was proper.

The Court has reviewed the pleadings, the points and authorities, and has heard oral arguments of counsel, and the Court recognizes there is no denial by affidavits by the Defendant, Securities and Exchange Commission, as to Plaintiff's allegations concerning the procedures followed. However, the Court considers that all of the allegations, both factual and legal, submitted by Plaintiff herein, are subject to motions to suppress, objections etc. in proceedings before a hearing examiner, and that thereafter the entire proceedings may be subject to review by the court authorized by statute to conduct such review.

The Court does not find that the proceedings are unlawful. The Court finds that the instant matter before it is not analogous to the situation in Amos Treat & Co. v. Securities Exchange Commission, D.C.Cir., 306 F.2d 260, as in that case the question presented concerned the personnel involved in the proceedings, whereas the instant case is predicated on the methods and tactics employed by the investigators of the Commission in the accumulation of evidence which supposedly will be submitted at the time of hearing.

Plaintiff contends that it will suffer irreparable economic injury and loss of reputation by the mere holding of the hearing, regardless of the outcome. The Court does not agree with this contention in that the notice of the hearing has already been issued, and the Court feels that the Plaintiff, rather than withdraw its application should proceed to a hearing in order to vindicate its position with a favorable opinion from the Commission; or, if the opinion of the Commission is adverse to the Plaintiff, it has an adequate remedy for a complete review of all matters herein complained of.

Whether or not this is a harsh ruling is not to be determined by the Court at this time.

The Court therefore finds that the motion for a preliminary injunction must be denied as Plaintiff has not exhausted its administrative remedies, and the matters presented may not be judicially reviewed until after the administrative proceedings are concluded and the decision of the Commission goes against the Plaintiff.

Accordingly it is this 24th day of October, 1962,

Ordered, that the petition for a preliminary injunction be, and the same hereby is, denied.